**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CHAD OVERLY,                )

                              )

          plaintiff,       )

                              )

          v.              )

                              )

CITY OF CHICAGO and JEROME    )

FINNEGAN,                )

                              )

          defendant(s).      )

# 07 C 1265

JUDGE DER-YEGHIAYAN

Magistrate Judge Nolan

JURY DEMAND

**DEFENDANT CITY OF CHICAGO'S
ANSWER TO PLAINTIFF'S COMPLAINT,
<u>INCLUDING DEFENSES AND JURY DEMAND</u>**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the

City of Chicago, answers plaintiff's complaint as follows:

<u>**Introduction**</u>

**1.**     This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color
of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER**:    **The City admits that the plaintiff brings this lawsuit under § 1983. The**

**City lacks information or knowledge sufficient to form a belief about the truth of the**

**remaining allegations of this paragraph.**

<u>**Jurisdiction and Venue**</u>

**2.**     This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

**ANSWER**:    **The City admits this Court has jurisdiction.**

**3.**    Venue is proper as Defendant City of Chicago is a municipal corporation located here and the events giving rise to the claims asserted herein all occurred within this district.

**ANSWER**:    **The City admits that venue is proper. The City lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph.**


## Background

**4.**    Plaintiff, Chad Overly lives with his wife and their two children in Bloomington, Illinois.

**ANSWER**:    **The City lacks information or knowledge sufficient to form a belief about the truth of the allegations of this paragraph.**


**5.**    With the exception of the events described below, Mr. Overly has been employed as a truck driver with Brandt Truck line for approximately the last five years. Mr. Overly's job takes him to and from Chicago on a regular basis.

**ANSWER**:    **The City lacks information or knowledge sufficient to form a belief about the truth of the allegations of this paragraph.**


**6.**    On or about November 2, 2005, Mr. Overly was driving his truck on Chicago's Adlai Stevenson Expressway when he was cut-off by a car driven by Defendant Finnegan. After cutting him off, Defendant Finnegan forced Mr. Overly to pull his truck off to the side of the road.

**ANSWER**:    **The City admits that, on November 2, 2005, plaintiff was driving a truck on the Stevenson Expressway in Chicago, Illinois. The City lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

**7.**     Once both vehicles were pulled over, Defendant Finnegan approached Mr. Overly, who had stepped down from his truck, and began to attack him.  When Mr. Overly attempted to defendant himself, Defendant Finnegan displayed his duty weapon to Mr. Overly and informed him that he was a police officer.

**ANSWER**:    **The City lacks information or knowledge sufficient to form a belief**

**about the truth of the allegations of this paragraph.**

**8.**     Mr. Overly immediately stepped away and used his cell phone to call 911.  At this time Defendant Finnegan attacked Mr. Overly, pulling him to the ground and forcing him to hang up the phone.  Mr. Overly placed a second phone call to 911 before Defendant Finnegan once again forced him to hang up.

**ANSWER**:    **The City lacks information or knowledge sufficient to form a belief**

**about the truth of the allegations of this paragraph.**

**9.**     Defendant Finnegan then held Mr. Overly down while he contacted the Chicago Police Department.  During this call, Defendant Finnegan identified himself as a Chicago Police Officer and requested assistance.  Throughout this, Defendant Finnegan restrained Mr. Overly, who was not permitted to get up.

**ANSWER**:    **The City lacks information or knowledge sufficient to form a belief**

**about the truth of the allegations of this paragraph.**

**10.**     Thereafter, Chicago Police Officers and an Illinois State Police Trooper arrived at the scene.  Based upon Defendant Finnegan's false statements, Mr. Overly was placed under arrest and taken to an Illinois State Police station.

**ANSWER**:    **The City admits that plaintiff was arrested for battery and reckless**

**conduct as a result of an incident on the Expressway involving plaintiff and the**

**defendant Jerome Finnegan.  The City lacks information or knowledge sufficient to**

**form a belief about the truth of the remaining allegations of this paragraph.**

**11.**     During the incident, Defendant Finnegan took possession of Mr. Overly's cell phone, which was never returned.

**ANSWER**:     **The City lacks information or knowledge sufficient to form a belief about the truth of the allegations of this paragraph.**


**12.**     Mr. Overly was eventually charged with battery and reckless conduct.  These charges were filed by Defendant Finnegan in his capacity as a police officer.

**ANSWER**:     **The City admits that plaintiff was charged with battery and reckless conduct.  The City lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph.**


**13.**     In the following months, Mr. Overly was forced to travel to Chicago to attend multiple court hearings on the charges against him.  In January of 2006, after Defendant Finnegan had repeatedly failed to come to court, the charges were dismissed in a manner indicative of Mr. Overly's innocence.

**ANSWER**:     **The City lacks information or knowledge sufficient to form a belief about the truth of the allegations of this paragraph.  However, the City denies that the facts alleged constitute a "dismiss[al] in a manner indicative of Mr.  Overly's innocence."**


**14.**     As a result of the false charges, Mr. Overly was fired from his job and was able to return to work only after the charges against him were dismissed.

**ANSWER**:     **The City lacks information or knowledge sufficient to form a belief about the truth of the allegations of this paragraph.**

**15**. At all times during his interactions with Plaintiff, Defendant Finnegan was acting under color of law and within the scope of his employment as a Chicago Police Officer.

**ANSWER**: **The City lacks information or knowledge sufficient to form a belief**

**about the truth of the allegations of this paragraph.**


## City of Chicago's Failure to Train, Discipline and Control


**16**. Municipal policy-makers have long been aware of the City of Chicago's policy and practice of failing to properly train, monitor and discipline its police officers:

a. Following two high profile, unjustified police shootings in 9199, the City Counsel held public hearings. On September 28, 1999, then-Superintendent of the Chicago Police Department Terry Hillard gave a speech highlighting the problems with the City of Chicago's policies and practices relating to the use of force. Superintendent Hillard specifically noted the need for (1) better in-service training on the use of force; (2) early detection of potential problem officers; and (3) officer accountability for the use of force.

b. In a review commissioned by the Superintendent, Chicago's John Marshall Law School found that although the City of Chicago's policies on the use of force were in compliance with the law, more training of police officers was necessary.

c. Moreover, in January 2000, the Chairman of the Committee on Police and Fire of the Chicago City Council submitted an official resolution recognizing that "[Chicago] police officers who do not carry out their responsibilities in a professional manner have ample reason to believe that they will not be held accountable, even in instances of egregious misconduct."

d. A study performed a year later by the Justice Coalition of Greater Chicago ("JCGC"), a coalition of more than a hundred community groups, confirmed that resolution. Specifically, the JCGC study concluded that the Chicago Police Department lacked many of the basic tools necessary to identify, monitor, punish and prevent police misconduct and brutality. The JCGC findings were presented to Mayor Daley, Superintendent Hillard and the Chicago Police Board.

e. Two years later, <u>Garcia v. City of Chicago</u>, 01 C 8954, 2003 WL 22175618 (N.D. Ill. Sept. 19, 2003) affirmed that the City's police misconduct investigations were systematically "incomplete, inconsistent, delayed, and

slanted in favor of the officers" and as a result, fostered a culture within the Chicago Police Department where officers felt they could commit misconduct like that described above with impunity.

f.     Indeed, by its own accounting, in 2004, the latest date for which the City of Chicago has provided public statistics, the City sustained only four percent of the Complaints brought against police officers for use of excessive force. An even smaller percentage of officers were actually disciplined for such conduct.

**ANSWER**:     **The City denies the allegations of this paragraph, including each of its**

**sub- parts.**

**17.**     Although the City of Chicago has long been aware that its supervision, training and discipline of police officers is entirely inadequate, it has not enacted any measures to address that failure.

**ANSWER**:     **The City denies the allegations of this paragraph.**

**18.**     In 1996, the City of Chicago intentionally abandoned a program designed to track police officers repeatedly acting in an abusive manner because of opposition by the Police Union.  The City promptly deleted all data contained in the program, including the list of problem officers.

**ANSWER**:     **The City denies the allegations of this paragraph.**

**19.**     1n 2000 and 2001, the City continued to refuse to implement a system allowing for the detention of repeat police officer-offenders, despite the fact that the Commission on Accreditation for Law Enforcement Agencies adopted a standard mandating such a detection system for large agencies such as Chicago

**ANSWER**:     **The City denies the allegations of this paragraph.**

**20.**     In 2003, although the City of Chicago and the Police Union negotiated a new contract allowing the Chicago Police Department to use unsustained Office of Professional Standards ("OPS") cases "to identify patterns of suspected misconduct about which the

public and regulatory agencies are so intensely and legitimately concerned," no such pattern analysis has ever been implemented. Indeed, pursuant to that contract, OPS records are only kept for seven years, precluding any meaningful long-term analysis of an officer's misconduct.

**ANSWER**:    **The City denies the allegations of this paragraph.**

**21.**    Finally, Chicago's training of its officers has not changed since 1999, despite repeated promises by the City and City policymakers for a more comprehensive training program.

**ANSWER**:    **The City denies the allegations of this paragraph.**

## COUNT I

### 42 U.S.C. § 1983
### <u>Excessive Force</u>

**22**.    Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER**:    **The City responds with the corresponding answers.**

**23.**    As described in the preceding paragraphs, the conduct of Defendant Finnegan toward Plaintiff constituted excessive force in violation of the United States Constitution.

**ANSWER**:    **The City lacks information or knowledge sufficient to form a belief**

**about the truth of the allegations of this paragraph.**

**24.**    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER**:    **The City lacks information or knowledge sufficient to form a belief**

**about the truth of the allegations of this paragraph.**

**25.** The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER**: **The City lacks information or knowledge sufficient to form a belief about the truth of the allegations of this paragraph.**

**26.** The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a.    As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers,

    b.    As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, Chicago Police Officers accused of excessive force can be confident that OPS will not investigate those accusations in earnest and will refuse to recommend discipline even where the Officer has engaged in excessive force;

    c.    Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases.

    d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

    e.    The City of Chicago has failed to act to remedy the patterns of abuse described in t he preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

**ANSWER**: **The City denies the allegations of this paragraph, including each of its**

**subparts.**

27.　　As a result of the unjustified and excessive use of force by Defendant Finnegan, as well as the City's policy and practice, Plaintiff has suffered pain and injury, as well as emotional distress.

**ANSWER**:　　**The City lacks information or knowledge sufficient to form a belief**

**about the truth of the allegations of this paragraph.**

28.　　The misconduct described in this Count was undertaken by Defendant Finnegan within the scope of his employment and under color of law such that his employer, City of Chicago, is liable for his actions.

**ANSWER**:　　**The City lacks information or knowledge sufficient to form a belief**

**about the truth of the allegations of this paragraph.**

　　　　**WHEREFORE,** the City asks for judgment in its favor and against plaintiffs, for all

reasonable costs, fees and any other appropriate relief.

**COUNT II**

**42 U.S.C. § 1983**
**False Arrest/Unlawful Detention**

29.　　Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER**:　　**The City responds with the corresponding answers.**

30.　　As described more fully above, Defendant Finnegan falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

**ANSWER**:　　**The City lacks information or knowledge sufficient to form a belief**

**about the truth of the allegations of this paragraph.**

**31.** This misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER**: **The City lacks information or knowledge sufficient to form a belief**

**about the truth of the allegations of this paragraph.**

**32.** The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described in the preceding paragraphs.

**ANSWER**: **The City denies the allegations of this paragraph.**

**33.** As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered pain and injury, as well as emotional distress.

**ANSWER**: **The City lacks information or knowledge sufficient to form a belief**

**about the truth of the allegations of this paragraph.**

**34.** The misconduct described in this Count was undertaken by Defendant Finnegan within the scope of his employment and under color of law such that his employer, City of Chicago, is liable for his actions

**ANSWER**: **The City lacks information or knowledge sufficient to form a belief**

**about the truth of the allegations of this paragraph.**

**WHEREFORE,** the City asks for judgment in its favor and against plaintiffs, for all reasonable costs, fees and any other appropriate relief.

## COUNT III

### State Law Claim
### Malicious Prosecution

**35.**     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER**:     **The City responds with the corresponding answers.**


**36.**     In the manner described more fully above, Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause.  These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of his innocence.

**ANSWER**:     **The City lacks information or knowledge sufficient to form a belief**

**about the truth of the allegations of this paragraph.  However the City denies that**

**plaintiff raises a claim based on state law because the statute of limitations period**

**for state law claims against a municipality and its employees is one year.  745 ILCS**

**10/8-101.**


**37.**     Specifically, Defendant Finnegan accused Plaintiff of criminal activity knowing those accusations to be without probable cause and made statements to prosecutors with the intent of exerting influence to institute and continue judicial proceedings.

**ANSWER**:     **The City lacks information or knowledge sufficient to form a belief**

**about the truth of the allegations of this paragraph.  However the City denies that**

**plaintiff raises a claim based on state law because the statute of limitations period**

**for state law claims against a municipality and its employees is one year.  745 ILCS**

**10/8-101.**


**38.**     Defendant Finnegan's statements to the prosecutors were made with knowledge that

11

they were false and perjured. In so doing, Defendant Finnegan fabricated evidence and withheld exculpatory information.

**ANSWER**: **The City lacks information or knowledge sufficient to form a belief about the truth of the allegations of this paragraph. However the City denies that plaintiff raises a claim based on state law because the statute of limitations period for state law claims against a municipality and its employees is one year. 745 ILCS 10/8-101.**

**39.** The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER**: **The City lacks information or knowledge sufficient to form a belief about the truth of the allegations of this paragraph. However the City denies that plaintiff raises a claim based on state law because the statute of limitations period for state law claims against a municipality and its employees is one year. 745 ILCS 10/8-101.**

**40.** As a proximate result of this misconduct, Plaintiff suffered injuries, including but not limited to emotional distress.

**ANSWER**: **The City denies that any of its policies or practices damaged the plaintiff. The City lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph. However the City denies that plaintiff raises a claim based on state law because the statute of limitations period for state law claims against a municipality and its employees is one year. 745 ILCS 10/8-101.**

**WHEREFORE,** the City asks for judgment in its favor and against plaintiffs, for all reasonable costs, fees and any other appropriate relief.


## COUNT IV

### State Law Claim
### <u>Assault and Battery</u>

**41.** Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER**: **The City responds with the corresponding answers.**


**42.** As described more fully in the preceding paragraphs, the actions of Defendant Finnegan created a reasonable apprehension of imminent harm and constituted offensive physical contact with Plaintiff.

**ANSWER**: **The City lacks information or knowledge sufficient to form a belief about the truth of the allegations of this paragraph. However the City denies that plaintiff raises a claim based on state law because the statute of limitations period for state law claims against a municipality and its employees is one year. 745 ILCS 10/8-101.**


**43.** The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, wilfulness and reckless indifference to the rights of others.

**ANSWER**: **The City lacks information or knowledge sufficient to form a belief about the truth of the allegations of this paragraph. However the City denies that plaintiff raises a claim based on state law because the statute of limitations period for state law claims against a municipality and its employees is one year. 745**

**ILCS 10/8-101.**

**44.**     As a proximate result of this misconduct, Plaintiff suffered injuries, including but not limited to emotional distress.

**ANSWER**:     **The City lacks information or knowledge sufficient to form a belief about the truth of the allegations of this paragraph. However the City denies that plaintiff raises a claim based on state law because the statute of limitations period for state law claims against a municipality and its employees is one year.  745 ILCS 10/8-101.**

        **WHEREFORE,**  the City asks for judgment in its favor and against plaintiffs, for all reasonable costs, fees and any other appropriate relief.

## COUNT V

### State Law Claim
### False Imprisonment

**45.**     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER**:     **The City responds with the corresponding answers.**

**46.**     Plaintiff was seized, arrested, and detained by Defendant Finnegan, despite  his knowledge that there was no probable cause for doing so.

**ANSWER**:     **The City lacks information or knowledge sufficient to form a belief about the truth of the allegations of this paragraph.  However the City denies that plaintiff raises a claim based on state law because the statute of limitations period**

for state law claims against a municipality and its employees is one year.  745

ILCS 10/8-101.


**47.**     As described in the preceding paragraphs, Defendant Finnegan unlawfully restrained Plaintiff's freedom of movement about by imprisoning him.  In this manner, Plaintiff's freedom of movement was unduly and unlawfully restricted.

**ANSWER**:     **The City lacks information or knowledge sufficient to form a belief**

**about the truth of the allegations of this paragraph. However the City denies that**

**plaintiff raises a claim based on state law because the statute of limitations period**

**for state law claims against a municipality and its employees is one year.  745**

**ILCS 10/8-101.**


**48.**     The actions of Defendant Finnegan set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

**ANSWER**:     **The City lacks information or knowledge sufficient to form a belief**

**about the truth of the allegations of this paragraph. However the City denies that**

**plaintiff raises a claim based on state law because the statute of limitations period**

**for state law claims against a municipality and its employees is one year.  745**

**ILCS 10/8-101.**


**49.**     As a proximate result of this misconduct, Plaintiff suffered injuries, including but not limited to emotional distress.

**ANSWER**:     **The City denies that it damaged plaintiff.  The City lacks information**

**or knowledge sufficient to form a belief about the truth of the remaining**

**allegations of this paragraph.  However the City denies that plaintiff raises a claim**

15

**based on state law because the statute of limitations period for state law claims**

**against a municipality and its employees is one year. 745 ILCS 10/8-101.**


   **WHEREFORE,** the City asks for judgment in its favor and against plaintiffs, for

all reasonable costs, fees and any other appropriate relief.


**COUNT VI**

**State Law Claim**
<u>**Conversion**</u>

**50.**   Each of the Paragraphs in this Complaint is incorporated as if restated fully
herein.

**ANSWER**:   **The City responds with the corresponding answers.**


**51.**   As described more fully in the preceding paragraphs, Defendant Finnegan stole
Plaintiff's cell phone, which was never recovered.

**ANSWER**:   **The City lacks information or knowledge sufficient to form a belief**

**about the truth of the allegations of this paragraph. However the City denies that**

**plaintiff raises a claim based on state law because the statute of limitations period**

**for state law claims against a municipality and its employees is one year. 745**

**ILCS 10/8-101.**


**52.**   Plaintiff has an absolute and unconditional right to this property, which Defendant
Finnegan wrongfully and without authorization assumed control, dominion, or ownership
of.

16

**ANSWER**:    **The City lacks information or knowledge sufficient to form a belief about the truth of the allegations of this paragraph. However the City denies that plaintiff raises a claim based on state law because the statute of limitations period for state law claims against a municipality and its employees is one year.  745 ILCS 10/8-101.**

**53**.    Plaintiff's demand for return of this property went unheeded.

**ANSWER**:    **The City lacks information or knowledge sufficient to form a belief about the truth of the allegations of this paragraph.  However the City denies that plaintiff raises a claim based on state law because the statute of limitations period for state law claims against a municipality and its employees is one year.  745 ILCS 10/8-101.**

**54**.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER**:    **The City lacks information or knowledge sufficient to form a belief about the truth of the allegations of this paragraph.  However the City denies that plaintiff raises a claim based on state law because the statute of limitations period for state law claims against a municipality and its employees is one year.  745 ILCS 10/8-101.**

**55**.    The misconduct described in this Count was undertaken by Defendant Finnegan within the scope of his employment such that his employer, City of Chicago, is liable for his actions.

**ANSWER**:   The City lacks information or knowledge sufficient to form a belief

about the truth of the allegations of this paragraph.  However the City denies that

plaintiff raises a claim based on state law because the statute of limitations period

for state law claims against a municipality and its employees is one year.  745

ILCS 10/8-101.


     **WHEREFORE**,  the City asks for judgment in its favor and against plaintiffs, for all

reasonable costs, fees and any other appropriate relief.


## COUNT VII

### State Law Claim
### <u>Respondeat Superior</u>

     **56.**    Each of the Paragraphs in this Complaint is incorporated as if restated fully
herein.

**ANSWER**:   **The City responds with the corresponding answers.**


     **57.**    In committing the acts alleged in the preceding paragraphs, Defendant
Finnegan was a member and agent of the Chicago Police Department, acting at all
relevant times within the scope of his employment.

**ANSWER**:   **The City admits that defendant Finnegan was a Chicago police officer**

**at the time the incident alleged in this complaint took place.  The City lacks**

**information or knowledge sufficient to form a belief about the truth of the**

**remaining allegations of this paragraph.**


**58.**    Defendant City of Chicago is liable as principal for all torts committed by its
agents.

**ANSWER:**   **The City denies that plaintiff has correctly or completely stated the**

**law in this paragraph. Moreover, the City denies that plaintiff can raise a claim**

**based on state law because the statute of limitations period for state law claims**

**against a municipality and its employees is one year. 745 ILCS 10/8-101.**

     **WHEREFORE**, the City asks for judgment in its favor and against plaintiffs, for all

reasonable costs, fees and any other appropriate relief.

## COUNT VIII

### State Law Claim
### <u>Indemnification</u>

**59.** Each of the Paragraphs in this Complaint is incorporated as if restated fully
herein.

**ANSWER: The City responds with the corresponding answers.**

     **60**. Illinois law provides that public entities must pay any tort judgment for
compensatory damages for which employees are liable within the scope of their
employment activities.

**ANSWER: The City admits that an Illinois statute provides that the City must pay**

**any tort judgment awarded against an employee for conduct performed within the**

**scope of his employment. The City denies that the plaintiff has correctly or**

**completely stated the Illinois statute of municipal indemnification and therefore**

**lacks information or knowledge sufficient to form a belief about the remaining**

**allegations.**

     **61.** Defendant Finnegan is or was an employee of the Chicago Police
Department, who acted within the scope of his employment in committing the misconduct

described herein.

**ANSWER**:     **The City admits that defendant Finnegan was an employee of the Chicago Police Department at the time of the incident alleged in this complaint. The City lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations of this paragraph.**

**WHEREFORE,** the City asks for judgment in its favor and against plaintiffs, for all reasonable costs, fees and any other appropriate relief.

## DEFENSES

1. Under state law, the statute of limitations for claims against municipalities and their employees is one year. 745 ILCS 10/8-101.

2. Under state law, the City is not liable to plaintiff if its employees or agents are not liable to plaintiff. 745 ILCS 10/2-109 (1994).

3. Under state law, to the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (1994).

4. Under state law, the City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (1994).

5. Under state law, neither the City nor a City employee is liable for the failure to provide adequate police protection or service. 745 ILCS 10/4-102.

6.  To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by her negligent, wilful and wanton, and/or other wrongful conduct, or another's conduct to which she acquiesced, any verdict or judgment obtained by the plaintiff must be reduced by application of principles of comparative fault, by an amount commensurate with the degree of negligent, wilful and wanton and/or other wrongful conduct. Furthermore, if such fault of the plaintiff exceeds fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought, the plaintiff is not entitled to damages from any defendant.

7. The City is not liable for any policy, practice or custom that does not cause a constitutional violation.  City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

8.  Under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), the City is not liable under section 1983 for its employees misconduct.

## JURY DEMAND

The City demands a jury trial on each and every count.

Respectfully submitted,

MARA S. GEORGES,
CORPORATION COUNSEL
CITY OF CHICAGO

By:    /s/ Penelope M. George
PENELOPE M. GEORGE
Senior Counsel

30 North La Salle Street, Suite 1610
Chicago, Illinois 60602
(312) 742-0116
pgeorge@cityofchicago.org

21

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CHAD OVERLY,                              )
                                          )    07 C 1265
                    plaintiff,            )
                                          )    JUDGE DER-YEGHIAYAN
          v.                              )
                                          )    Magistrate Judge Nolan
CITY OF CHICAGO and JEROME                )
FINNEGAN,                                 )    JURY DEMAND
                                          )
                    defendant(s).         )

### CERTIFICATE OF SERVICE

I, Penelope M. George, an attorney, hereby gives notice to all parties of record, that on May 18, 2007, pursuant to L.R. 5.9, I filed the **Defendant City of Chicago's Answer Including Defenses and Jury Demand,** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division. A copy of that document is herewith served upon you.

Respectfully submitted,

MARA S. GEORGES,
CORPORATION COUNSEL
CITY OF CHICAGO

By:    /s/ Penelope M. George
       PENELOPE M. GEORGE
       Senior Counsel

30 North La Salle Street, Suite 1610
Chicago, Illinois 60602
(312) 742-0116
pgeorge@cityofchicago.org

22