IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CHAD OVERLY,                )  | Case No. 07-C-1265 |
|     Plaintiff,    ) | |
| ) | Judge Der-Yeghiayan |
| v.      ) | Magistrate Judge Nolan |
| ) | |
| CITY OF CHICAGO and JEROME    ) | Jury Trial Demanded |
| FINNIGAN,      ) | |
|     Defendants.   ) | |

### DEFENDANT JEROME FINNIGAN'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTS III-VIII OF THE COMPLAINT AS THOSE COUNTS RELATE TO HIM

State law claims against Illinois public employees, such as police officers, must be brought within one year from the date the alleged injury was received or the cause of action accrued. 745 ILCS § 10/8-101. In his Complaint, Plaintiff Chad Overly ("Plaintiff") claims that he was injured by Defendant Chicago Police Officer Jerome Finnigan ("Officer Finnigan") on November 2, 2005. Plaintiff did not, however, file this Complaint until March 6, 2007, well past the one year statute of limitations. Consequently, Plaintiff's state law claims (Counts III – VIII) should be dismissed with prejudice as those claims relate to Officer Finnigan.

### RELEVANT ALLEGATIONS

In his Complaint, Plaintiff alleges the following relevant facts: On November 2, 2005, Plaintiff was forced to pull his semi-truck off to the side of the Stevenson Expressway by Officer Finnigan. Complaint, ¶ 6. After exiting his semi-truck, Officer Finnigan approached Plaintiff and began attacking him without justification. *Id.* at ¶ 7. During their altercation, Officer Finnigan took Plaintiff's cell phone and never returned it. *Id.* at ¶ 11. The Illinois State Police subsequently arrested Plaintiff and charged him with battery and reckless conduct. *Id.* at ¶ 10. The charges against Plaintiff were ultimately dismissed in January 2006. *Id.* at ¶ 13.

Over one year and four months after the November 2, 2005 altercation, Plaintiff filed his eight-count Complaint against the City of Chicago and Officer Finnigan stemming from Officer Finnigan's purportedly unjustified actions on November 2, 2005. Counts I and II are 42 U.S.C. § 1983 claims for excessive force and false arrest/unlawful detention, respectively; Counts III-VIII are state law claims for malicious prosecution, assault and battery, false imprisonment, conversion, respondeat superior, and indemnification, respectively.

## LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not the merits of the suit. On a Rule 12(b)(6) Motion to Dismiss, the Court shall view all well-pleaded factual allegations in the complaint, as well as any reasonable inferences drawn from those facts, in the light most favorable to the plaintiff. Moreover, the Court will grant a motion to dismiss if it is clear that the plaintiff can prove no set of facts warranting relief. *E.g., Long v. Williams*, 155 F.Supp.2d 938, 941 (N.D. Ill. 2001) (internal citations omitted) (granting Rule 12(b)(6) motion to dismiss based on the Illinois statute of limitations for state law claims against municipal employee).

## ARGUMENT

**Plaintiff's State Law Claims, Counts III – VIII, Are Barred By 745 ILCS § 10/8-101 As Those Claims Relate To Officer Finnigan.**

Section 10/8-101 mandates that an action brought against an Illinois public employee must be brought within one year from the date the injury was received or the cause of action accrued. *See* 745 ILCS § 10/8-101.

Plaintiff's allegations demonstrate that Counts III – VIII are time-barred under Section 10/8-101. First, Plaintiff's state law claims are brought against Officer Finnigan as "an Illinois public employee." Indeed, Plaintiff claims Officer Finnigan's alleged misconduct was

undertaken as "a member and agent of the Chicago Police Department," and was "within the scope of his employment" and "under color of law." Complaint, ¶¶ 14, 57.

Second, Plaintiff waited well over a year to file his state law claims against Officer Finnigan. Specifically, Plaintiff claims that he suffered physical injury and property loss on November 2, 2005. *Id*. at ¶¶ 6, 7, 9, 12. In addition, the purportedly groundless charges filed against Plaintiff were dismissed in January 2006. *Id*. at ¶ 13. To be timely, Plaintiff's state law claims must have been brought by November 2, 2006, but in no event later than January 2007. Plaintiff, however, waited until March 6, 2007, to file suit against Officer Finnigan.

Finally, Section 10/8-101 applies to state law claims brought in conjunction with Section 1983 claims. *See, e.g., Henderson v. Bolanda,* 253 F.3d 928, 932 (7th Cir. 2001); *Webb v. City of Joliet*, Case No. 03 C 4436, 2004 WL 1179413, *7 (N.D. Ill. May 26, 2004)[1]; *Long v. Williams*, 155 F.Supp.2d 938, 943 (N.D.Ill. 2001).

Plaintiff's state law claims, Counts III – VIII, are therefore untimely and should be dismissed as they relate to Officer Finnigan.

## **CONCLUSION**

WHEREFORE, Defendant Jerome Finnigan respectfully requests that this court enter an order dismissing with prejudice Counts III – VIII of Plaintiff's Complaint as those counts relate to him, and enter such other and further relief as the Court deems just and appropriate.

---

[1] Pursuant to Judge Der-Yeghiayan's Standing Order, a copy of this unpublished case is attached hereto as Exhibit A.

Dated: June 15, 2007                    Respectfully submitted,

                                      s/Michael A. Ficaro

Attorney for Defendant Jerome Finnigan

Michael A. Ficaro (ARDC No. 798738)
Kathleen H. Champagne (ARDC No. 6237321)
Jacob M. Mihm (ARDC No. 6272719)
UNGARETTI & HARRIS LLP
70 West Madison Street
Suite 3500
Chicago, IL 60602
312-977-4400 (phone)
312-977-4405 (facsimile)

# CERTIFICATE OF SERVICE

I, Michael A. Ficaro, one of the attorneys for Defendant Jerome Finnigan, certify that I caused a true and correct copy of the attached **DEFENDANT JEROME FINNIGAN'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTS III-VIII OF THE COMPLAINT AS THOSE COUNTS RELATE TO HIM** to be served pursuant to ECF as to all filing users upon:

Jonathan I. Loevy
Arthur R. Loevy
Gayle M. Horn
Jonathan A. Rosenblatt
LOEVY & LOEVY
312 N. May Street
Suite 100
Chicago, IL 60607
Email: loevylaw@loevy.com

Penelope Moutoussamy George
CITY OF CHICAGO, DEPT. OF LAW
30 North LaSalle Street
Suite 900
Chicago, IL 60602
(312) 744-9010
Email: pgeorge@cityofchicago.org

on June 15, 2007.

s/ Michael A. Ficaro