IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHAD OVERLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 1265 |
| | ) | |
| CITY OF CHICAGO and JEROME FINNIGAN, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Jerome Finnigan's ("Finnigan") motion to dismiss the claims brought against him in Counts III-VIII. For the reasons stated below, we deny the motion to dismiss.

**BACKGROUND**

Plaintiff Chad Overly ("Overly") alleges that on or about November 2, 2005, he was driving his truck in Chicago, Illinois, and Finnigan, a Chicago Police Officer, forced Overly to stop his vehicle. Finnigan, who was allegedly not in uniform and not in a marked police car, showed Overly his duty weapon informing Overly that he was a police officer. Overly claims that Finnigan "began to attack him," and forced Overly to hang up his cell phone when Overly tried to call 9-1-1. (Compl. Par. 7).

1

Overly claims that Finnigan forced him to the ground and restrained him. Finnigan then allegedly made a phone call to the Chicago Police Department and "[d]uring this call, Defendant Finnigan identified himself as a Chicago Police Officer and requested assistance." (Compl. Par. 9). Overly claims that an Illinois State Police Trooper arrived at the scene and Overly was arrested based upon alleged false information provided by Finnigan. Overly brought the instant action and includes in the complaint a claim alleging excessive force in violation of 42 U.S.C. § 1983 ("Section 1983") (Count I), a false arrest/unlawful detention Section 1983 claim (Count II), a malicious prosecution claim (Count III), an assault and battery claim (Count IV), a false imprisonment claim (Count V), a conversion claim (Count VI), a respondeat superior claim (Count VII), and an indemnification claim (Count VIII). Finnigan now moves to dismiss Counts III-VIII to the extent that they include claims brought against him.

## LEGAL STANDARD

In ruling on a motion to dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(6) the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears

2

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief"). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589,

590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

Finnigan argues that Overly's claims brought against Finnigan are untimely. Pursuant to 745 ILCS 10/8-101 ("Section 10/8-101"):

> (a) No civil action other than an action described in subsection (b) may be commenced in any court against a local entity or any of its employees for any injury *unless it is commenced within one year from the date that the injury was received or the cause of action accrued.*
> (b) No action for damages for injury or death against any local public entity or public employee, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of those dates occurs first, but in no event shall such an action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in the action to have been the cause of the injury or death.

745 ILCS 10/8-101(emphasis added). *See also Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005)(stating that "[w]hile the two-year period still applies to § 1983 claims against such defendants, . . . the one-year period applies to state-law claims that are joined with a § 1983 claim"). Overly alleges in the complaint that the incident that is the basis for this action occurred on or about November 2, 2005 and Overly did not file his complaint in the instant action until March 6, 2007, after the one-year limitations period had expired. (Compl. Par. 6). In response to the motion to dismiss, other than in regard to the malicious prosecution claim, Overly does not

4

assert that any of the equitable tolling doctrines may apply or that there are factual issues relating to when the claim accrued or the limitations period expired.

I. Counts IV-VIII

In regards to the state law claims brought against Finnigan in Counts IV-VIII, Overly states that he "takes no issue with the fact that if Defendant Finnigan is ultimately found to have been acting within the scope of his employment, many of Plaintiff's state law claims against him must be dismissed as untimely. . . ." (Ans. 2). Overly argues that it is premature to dismiss the claims brought against Finnigan because Section 10/8-101 does not apply if Finnigan was not acting within the scope of his employment. We agree. Overly is not required to plead all relevant facts in his complaint. *Higgs*, 286 F.3d at 439; *Kyle*, 144 F.3d at 455. Whether or not there are additional facts in this case and the evidence reviewed as a whole will show that Finnigan was acting within the scope of his employment cannot be determined at this juncture. It is sufficient to defeat the motion to dismiss that the facts alleged in the complaint do not preclude a conclusion that Finnigan was acting outside the scope of his employment. *See Vincent v. City Colleges of Chicago*, 485 F.3d 919, 924 (7th Cir. 2007)(stating that a court can dismiss a case when "the plaintiff pleads himself out of court by making allegations sufficient to defeat the suit"). In addition, since a plaintiff is not required to plead in anticipation of defenses, issues concerning statute of limitations periods are generally not resolved at the motion to dismiss stage. *See Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006)(stating that a "complaint

need not anticipate or overcome affirmative defenses such as the statute of limitations"). Therefore, we deny the motion to dismiss Counts IV-VIII.

II. Malicious Prosecution Claim (Count III)

Overly also argues that even if he did not bring this action within one year of the incident in question the malicious prosecution claim brought against Finnigan is timely. Overly argues that the limitations period for his malicious prosecution claim began to run in January 2006, when the charges against him were allegedly dropped. Overly cites in support *Ferguson v. City of Chicago*, 820 N.E.2d 455 (Ill. 2004). (Ans. 5). In *Ferguson* the Court stated that "[a] cause of action for malicious prosecution does not accrue until the criminal proceeding on which it is based has been terminated in the plaintiff's favor." *Id.* at 459. In *Ferguson* the plaintiff was charged with a crime and the state trial court struck the criminal charges with leave to reinstate. *Id.* The Court held that the plaintiff's malicious prosecution claim "did not accrue, until such time as the State was precluded from seeking reinstatement of the charges." *Id.* at 461. The plaintiff's attorney filed a motion for a speedy trial, which meant that the state was required to attempt to reinstate the action within 160 days. *Id.* at 461-62.

In the instant action, Finnigan acknowledges in his reply that there are no allegations in the complaint concerning whether Overly's criminal charges were stricken with leave to reinstate, whether his counsel sought a speedy trial, or whether

6

there were other circumstances in the state court proceedings that would toll the limitations period for the malicious prosecution claim. As with the other claims addressed above, there are factual issues regarding the malicious prosecution claim that we cannot address at the motion to dismiss stage. Ordinarily, plaintiffs "need not anticipate or attempt to defuse potential defenses." *U.S. Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003)(stating, however, that "[a] litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense"). Thus, it would be premature to assess the timeliness of the malicious prosecution claim at this juncture and we deny the motion to dismiss the malicious prosecution claim brought against Finnigan (Count III).

**CONCLUSION**

Based on the foregoing analysis, we deny Finnigan's motion to dismiss in its

entirety since the arguments presented in the motion are premature at this stage of these proceedings.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 31, 2007